| | | |
|---|---|---|
| Mr. Ronald N. Price, Sr., Individually | * | |
| and Executor of the Estate of Delois Price | * | IN THE UNITED STATES |
| 255 Neck Road | * | |
| Shiloh, NC 27974 | * | DISTRICT COURT |
| | * | |
| | * | FOR |
| Plaintiff | * | |
| v. | * | MARYLAND |
| | * | |
| | * | AT BALTIMORE |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | |
| | * | CLAIM NO.: |
| Defendant | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW the plaintiff, Ronald N. Price, Sr., Exeuctor of the Estate of Delois Price, by and through counsel, Paul A. Weykamp and the law offices of Paul A. Weykamp, and brings suit against the defendant, Pfizer Inc., and for good cause states:

## PARTIES, JURISDICTION, AND VENUE

1.    The plaintiff, Ronald N. Price, Sr. states that Delois Price (hereinafter the "plaintiff's Deceased"), at all times relevant hereto, resided in North Carolina, and took the drug CELEBREX at points in time between 2002 and 2004. As used herein, "plaintiff" shall refer to Ronald N. Price, Sr. unless specifically noted otherwise.

1

2.      Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Maryland and North Carolina, with its principal place of business in New York, has committed a tort within the State of Maryland and North Carolina and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

4.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than that of the Defendant.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.  Plaintiff's Deceased purchased the products that form the basis of this lawsuit in the State of North Carolina and Maryland while the Defendant sold products in all U.S. States.  At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX. Pfizer, Inc. at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned prescription drug.  Pfizer, Inc. does substantial business in the State of Maryland and within the state of North Carolina and this Federal District, advertises in this district, received substantial compensation and profits from sales of CELEBREX in this district, and made material omissions and misrepresentations and breaches of warranties in this district. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9(c).

## FACTUAL ALLEGATIONS

6.      Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX in the State of Maryland and the State of North Carolina.

7.      Plaintiff's Deceased, ingested CELEBREX as prescribed and as a result thereof, suffered a Heart Attack and died therefrom.

8.      At all times relevant herein, Plaintiff and Plaintiff's Deceased were unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9.      The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as CELEBREX.

10.      CELEBREX is in a class of drugs called non-steroidal anti-inflammatory drugs. It was approved by the Food and Drug Administration for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

11.      Pfizer, Inc. originally refused to withdraw CELEBREX from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of CELEBREX.

12.      Defendant materially breached its obligations to consumers, such as the Plaintiff's Deceased, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX.

13.      Defendant expressly and/or impliedly warranted to the market, including the Plaintiff's Deceased, by and through statements made by Defendant or its authorized

agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that CELEBREX was safe, effective, fit and proper for its intended use.

14.     Defendant was aware of the substantial risks of taking CELEBREX but failed to fully disclose.

15.     Defendant failed to meet the applicable standards of care, which were intended for the benefit of individual consumers such as the Plaintiff's Deceased, making the Defendant liable for the Plaintiff's Deceased's injuries and death.

**COUNT I: NEGLIGENCE**

16.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

17.     Defendant Pfizer and its representatives were merchants or sellers of CELEBREX.

18.     Despite the fact that Defendant Pfizer knew, or should have known that CELEBREX could cause unreasonable injurious results and/or death to Plaintiff's Deceased, the Defendant continued to market, distribute, and sell CELEBREX to the public.

19.     Defendant Pfizer knew, or should have known that consumers, such as Plaintiff's Deceased, would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting CELEBREX, it owed a legal duty to Plaintiff's Deceased, and the general public, to disclose that knowledge. Defendant

Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries and death of the Plaintiff's Deceased.

20.     As a direct and proximate result of the negligence and breach of Defendant Pfizer, Plaintiff's Deceased sustained a heart attack and died. Defendant Pfizer owed a duty to Plaintiff's Deceased to use reasonable care in its actions. Defendant Pfizer's failure to use reasonable care proximately caused Plaintiff's Deceased's death and injuries, including medical expenses, lost wages, physical and mental pain, suffering and anguish. The Plaintiff became aware of the dangers of CELEBREX in 2005 after the national recall of the drug.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., Individually and as Executor of the Estate of Delois Price prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT II: STRICT PRODUCTS LIABILITY

21.     The Plaintiff adopts and re-alleges paragraphs above as if fully set forth herein.

22.     CELEBREX, as designed, manufactured, sold and/or supplied by Defendant Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

23.     Further, CELEBREX, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

24.     CELEBREX, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

25.    CELEBREX was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representative, agents or assignees, the foreseeable risks of serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were so that Plaintiff's Deceased and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested CELEBREX.

26.    CELEBREX was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX to patients.

27.    CELEBREX was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

28.    As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as manufactured and supplied by Defendant and its representatives, Plaintiff's Deceased suffered injuries and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT III: FRAUD

29.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

30.    Defendant Pfizer fraudulently represented to the general public, as well as healthcare professionals, that CELEBREX was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the CELEBREX drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff's Deceased relied on Defendant Pfizer's false representations in ingesting CELEBREX. These fraudulent representations by Defendant Pfizer were proximate cause of Plaintiff's Deceased's injuries and death enumerated in paragraph 20 above.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00 and $80,000,000.00 in punitive damages.


**COUNT IV: NEGLIGENT MISREPRESENTATIONS**

31.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

32.    Defendant Pfizer represented and marketed the CELEBREX drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting CELEBREX®, however, Defendant Pfizer failed to communicate to Plaintiff's Deceased and/or the general public, that the ingestion of this drug could cause a person to suffer a stroke, or that the CELEBREX drug could cause a heart attack to the person ingesting the drug.

33.    Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

a) The Plaintiff incorporates all facts and allegations previously stated in this Complaint;

b) Defendant Pfizer failed to warn Plaintiff's Deceased, and other consumers, of the defective condition of the CELEBREX, as manufactured and/or supplied by Defendant Pfizer;

c) Defendant Pfizer, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about CELEBREX in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations, without exercising reasonable care to ascertain the accuracy of these representations;

d) The above misrepresentations were made to Plaintiff, as well as the general public;

e) Plaintiff's Deceased and his healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

f) Consequently ingestion of CELEBREX was to Plaintiff's Deceased's detriment.

34.    As a direct and proximate result of the fraudulent acts and omissions, and misrepresentation of Defendant Pfizer, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of

$5,000,000.00.

## COUNT V: EXPRESSED WARRANTY FOR GOODS

35.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the CELEBREX drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff's Deceased and the public in general, to disclose its knowledge of the serious risks of ingesting the CELEBREX  drug as marketed. As a direct and proximate result of Defendant's breach of warranties, Plaintiff's Deceased was injured and suffered special, general and compensatory damages and died as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT VI: IMPLIED WARRANTY

### A. WARRANTY OF MERCHANTABILITY.

37.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38.    Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the Celebrex drug. Defendant Pfizer sold this drug

to Plaintiff's Deceased, and other consumers, for the ordinary purpose for which such drug is used by consumers. Celebrex was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used.

39.    As a direct and proximate result of the defect or defects of the drug, Plaintiff suffered significant and ongoing injury and damages and death as set forth in paragraph 20 above.

### B. WARRANTY OF FITNESS.

40. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

41.    Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold Celebrex  drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff's Deceased, Defendant Pfizer knew, or had reason to know, that Plaintiff's Deceased was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff's Deceased, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff's Deceased relied thereon. Celebrex was not reasonably fit and/or suitable for the use for which it was selected.

42.    Failure of Defendant Pfizer to select and sell a product which, was reasonably safe for its intended use, proximately caused Plaintiff's injuries as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of

$5,000,000.00.

## COUNT VII: UNJUST ENRICHMENT

43.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44.     Defendant Pfizer accepted payment from Plaintiff's Deceased for the purchase of Celebrex.

45.     Plaintiff's Deceased did not receive a safe and effective drug for which Plaintiff paid.

46.     It would not be equitable for Defendant Pfizer to retain this money because Plaintiff's Deceased did not, in fact, receive a safe and efficacious drug.

WHEREFORE, the Plaintiff, Ronald N. Price, Sr., prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of Plaintiff's prescription drug.

Respectfully submitted,

## <u>COUNT VIII: WRONGFUL DEATH</u>

The Plaintiff hereby incorporates all the foregoing Counts and paragraph and further states that the defendant brought about the death of Delois Price, the plaintiff's spouse as alleged in all the preceding paragraphs.  Due to the defendant's negligence; due to the defendant's negligent misrepresentation; due to the defendant's fraud; and due to the defendant's strict liability failures and shortcomings, the defendant brought about the death of the plaintiff's Deceased.  The plaintiff, Ronald Price, has suffered the loss of his spouse, and has lost the friendship, counsel, consolation, counsel, comfort and intimacy

11

he enjoyed with his wife.  As a beneficiary of the Maryland Wrongful Death statute, the plaintiff is suing the defendant under this count for these damages he has suffered.

WHEREFORE, the plaintiff, individually, hereby demands $5,000,000.00 in general, actual and compensatory damages.

THE LAW OFFICES OF PAUL A. WEYKAMP

BY_____
Paul A. Weykamp
Suite 2
16 Stenersen Lane
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email:
pweykamp@weykamplaw.com
Attorneys for Plaintiff

## PRAYER FOR TRIAL BY JURY

The Plaintiff prays for a trial by jury on all issues presented herein.

_____
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane, Suite 2
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email:
pweykamp@weykamplaw.com
Attorneys for Plaintiff

Mr. Ronald N. Price, Sr., Individually      *
and Executor of the Estate of Delois Price   *      IN THE UNITED STATES
255 Neck Road                                *
Shiloh, NC 27974                             *      DISTRICT COURT
                                             *
                                             *      FOR
                                             *
            Plaintiff                        *
v.                                           *      MARYLAND
                                             *
                                             *      AT BALTIMORE
Pfizer Inc.                                  *
235 East 42nd Street                         *
New York, NY 10017                           *
                                             *
Serve: The Corporation Trust Inc.            *
300 E. Lombard St.                           *
Baltimore, MD 21202                          *      CIVIL ACTION NO.:
                                             *
                                             *
            Defendant                        *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Mr,/Madam Clerk:

Please prepare writ of summons for private process service on the following:

The Corporation Trust Inc.
300 East Lombard St.
Baltimore, Maryland 21202

                                   Respectfully Submitted


                                   _____
                                   Paul A. Weykamp
                                   16 Stenersen Lane, Suite 2
                                   Hunt Valley, MD 21030
                                   Telephone: (410) 584-0660
                                   Email:
                                   pweykamp@weykamplaw.com
                                   Attorney for Plaintiff

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ronald N. Price, ~~and~~ Individually + as Executor of the Estate of Delois Price ~~Barbara~~ Camden

**DEFENDANTS**

Pfizer, Inc.

N.Y., N.Y.

2007 NOV 28 A 11:

**(b)** County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul A. Weykamp
16 Stenersen Lane, Ste. 2
MD 21030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☑ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity JSD

Brief description of cause:
Celebrex personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000

CHECK YES only if demanded in complaint

JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

27/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Mr. Ronald Price, Executor of the
Estate of Delois Price,

        Plaintiff(s)

                                                      **S U M M O N S**

vs.

                            CIVIL ACTION NO.      JFM 07 CV 3205

Pfizer, Inc.
Serve: The Corporation Trust Inc.
      300 Lombard Street, Baltimore, MD 21202

                Defendant

**TO THE ABOVE NAMED DEFENDANT:**

      You are hereby summoned and required to serve upon Plaintiff's Attorney, whose

address is:   Paul A. Weykamp, 16 Stenersen Lane, Suite 2, Hunt Valley,  MD 21030, an

answer to the complaint which is herewith served upon you, within 60 days after service of

this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.

                        Sincerely,

                        Felicia C. Cannon, Clerk

        By:                             
                        **Deputy Clerk**

DATE: 11/29/07

                **NOTICE - This case is subject to electronic filing.**
Information on electronic filing procedures and how to
register to use the electronic filing system can be found
at:  www.mdd.uscourts.gov

U.S. District Court (12/1999) - Summons

A CERTIFIED TRUE COPY

JAN 2 2 2008

ATTEST *Anar L. Stewart*
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 3 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-92)

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,167 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN 2 2 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____ Deputy Clerk
Date 1-23-08

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

## SCHEDULE CTO-92 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**

**CASE CAPTION**

ALABAMA NORTHERN
    ALN 3  07-2219

Raymond Beaver v. Pfizer Inc., et al.

MARYLAND
    MD 1  07-3205
    MD 1  07-3206

Ronald N. Price, Sr., etc. v. Pfizer Inc.
Martin Fisher, etc. v. Pfizer Inc.

MINNESOTA
    MN 0  07-4791
    MN 0  07-4801

Robert Colman v. Pfizer Inc., et al.
Harriet Bratcher v. Pfizer Inc., et al.

MISSISSIPPI SOUTHERN
    MSS 3  07-450

Bobbie H. Overton, et al. v. Pfizer Inc., et al.

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**                MDL No. 1699

## INVOLVED COUNSEL LIST (CTO-92)

Andy D. Birchfield, Jr.
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Levi Boone, III
BOONE LAW FIRM
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732-1772

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN
& BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

Lawrence B. Clark
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ PC
1600 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203-5202

Walter T. Johnson
WATKINS & EAGER
P.O. Box 650
Jackson, MS 39205-0650

Gregory A. Markel
CADWALADER WICKERSHAM
& TAFT LLP
One World Financial Center
New York, NY 10281

Ted G. Meadows
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Paul A. Weykamp
LAW OFFICES OF PAUL A WEYKAMP
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**                MDL No. 1699

### INVOLVED JUDGES LIST (CTO-92)

Hon. Sharon Lovelace Blackburn
Chief Judge, U.S. District Court
730 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Hon. J. Frederick Motz
U.S. District Judge
101 West Lombard Street
510 Edward A. Garmatz Federal Building & U.S. Courthouse
Baltimore, MD 21201-2690

Hon. William D. Quarles, Jr.
United States District Judge
3A Edward A. Garmatz Fed. Bldg. & U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

Hon. Joan N. Ericksen
U.S. District Judge
12W U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Hon. Ann D. Montgomery
U.S. District Judge
13W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Tom S. Lee
Senior U.S. District Judge
222 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                MDL No. 1699

### INVOLVED CLERKS LIST (CTO-92)

Perry D. Mathis, Clerk
140 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Felicia C. Cannon, Clerk
Edward A. Garmatz Federal
Building & U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201-2690

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

J.T. Noblin, Clerk
P.O. Box 23552
Jackson, MS 39225-3552

1699, CLOSED, XMDL
*E-filing*

## U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:07-cv-03205-JFM
### Internal Use Only

CV 08    0859    *CRB*

Price v. Pfizer Inc.
Assigned to: Judge J. Frederick Motz
Demand: $5,000,000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/28/2007
Date Terminated: 01/24/2008
Jury Demand: Plaintiff
Nature of Suit: 365 Personal
Inj. Prod. Liability
Jurisdiction: Federal Question

### Plaintiff

**Mr. Ronald N. Price, Sr.**        represented by    **Paul A Weykamp**
*Individually and Executor of*                        Law Offices of Paul A
*the Estate of Delois Price*                          Weykamp PA
                                                      16 Stenersen Ln Ste 2
                                                      Hunt Valley, MD 21030
                                                      14105840660
                                                      Fax: 14105841005
                                                      Email:
                                                      pweykamp@weykamplaw.com

                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

### Defendant
**Pfizer Inc.**

| Date | | |
|------|--|--|

| Filed | # | Docket Text |
|-------|---|-------------|
| 11/28/2007 | ◕1 | COMPLAINT against Pfizer Inc. (Filing fee $ 350, receipt #14637021458), filed by Ronald N. Price, Sr. (Attachments: # 1 Civil Cover Sheet)(raf, Deputy Clerk) Modified on 12/4/2007 (raf, Deputy Clerk). (Entered: 11/29/2007) |
| 11/28/2007 | ◕ | Jury Trial Demand by Ronald N. Price, Sr. (raf, Deputy Clerk) (Entered: 11/29/2007) |
| 11/29/2007 | ◕2 | Summons Issued 60 days as to Pfizer Inc. (raf, Deputy Clerk) (Entered: 11/29/2007) |
| 11/29/2007 | ◕ | (Court only) ***Set/Clear Flags (raf, Deputy Clerk) (Entered: 11/29/2007) |
| 01/24/2008 | ◕3 | ORDER administratively closing case. Signed by Judge J. Frederick Motz on 1/24/08. (jnl, Deputy Clerk) (Entered: 01/24/2008) |
| 01/24/2008 | ◕ | (Court only) ***Civil Case Terminated. (jnl, Deputy Clerk) (Entered: 01/24/2008) |
| 02/01/2008 | ◕4 | CERTIFIED TRANSFER ORDER transferring this case to the USDC for the Northern District of California (jnl, Deputy Clerk) (Entered: 02/01/2008) |
| 02/01/2008 | ◕5 | Correspondence from Clerk to Northern District of California re: transferring case. (jnl, Deputy Clerk) (Entered: 02/01/2008) |