1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendant
    PFIZER INC.

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18  IN RE BEXTRA AND CELEBREX            )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND       )
19  PRODUCTS LIABILITY LITIGATION        )  CASE NO. 3:08-cv-00859-CRB
    ―――――――――――――――――――――――――            )
20  This document relates to             )
                                         )  **PFIZER INC.'S ANSWER TO
21  RONALD N. PRICE, Individually and as Executor )  COMPLAINT**
    of the Estate of DELOIS PRICE,       )
22                                       )  **JURY DEMAND ENDORSED
               Plaintiff,                )  HEREIN**
23                                       )
          vs.                            )
24                                       )
    PFIZER INC.,                         )
25                                       )
               Defendant.                )
26  ―――――――――――――――――――――――――            )

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

NOW COMES Defendant Pfizer Inc. ("Defendant"), and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Decedent was prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Celebrex®.

## II.

## ANSWER

## Response to Allegations Regarding Parties, Jurisdiction, and Venue

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's citizenship and whether Decedent used Celebrex®, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

2.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it is a Delaware corporation with its principal place of business in New York. Defendant admits that it is registered to do and does business in the States of Maryland and North Carolina. Defendant denies any wrongful conduct, denies having committed a tort in the States of Maryland or North Carolina, and denies the remaining allegations in this paragraph of the Complaint.

3.    Plaintiff's Complaint omits paragraph number 3.

4.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint concerning Plaintiff's citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiff claims

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of

2  interests and costs.  Defendant denies the remaining allegations in this paragraph of the

3  Complaint.

4  5.      Defendant states that this paragraph of the Complaint contains legal contentions to

5  which no response is required.  To the extent that a response is deemed required, Defendant is

6  without knowledge or information sufficient to form a belief as to the truth of the allegations in

7  this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore,

8  denies the same.  Defendant admits that, during certain periods of time, it marketed and co-

9  promoted Celebrex® in the United States, including Maryland and North Carolina, to be

10  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

11  with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing

12  information regarding Celebrex®.  Defendant admits that it does business in the States of

13  Maryland and North Carolina.   Defendant denies any wrongful conduct and denies the

14  remaining allegations in this paragraph of the Complaint.

15  **Response to Factual Allegations**

16  6.      Defendant admits that, during certain periods of time, it marketed and co-promoted

17  Celebrex® in the United States, including Maryland and North Carolina, to be prescribed by

18  healthcare providers who are by law authorized to prescribe drugs in accordance with their

19  approval by the FDA.   Defendant admits that it provided FDA-approved prescribing

20  information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph

21  of the Complaint.

22  7.      Defendant is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations in this paragraph of the Complaint regarding whether Decedent used

24  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

25  and effective when used in accordance with its FDA-approved prescribing information.

26  Defendant denies that Celebrex® caused Plaintiff or Decedent injury or damage and denies the

27  remaining allegations in this paragraph of the Complaint.

28  8.      Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendant states that the potential effects of

2  Celebrex® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

5  of the Complaint.

6  9.    Defendant admits that, during certain periods of time, it marketed and co-promoted

7  Celebrex® in the United States to be prescribed by healthcare providers who are by law

8  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

9  that it provided FDA-approved prescribing information regarding Celebrex®.    Defendant

10  denies the remaining allegations in this paragraph of the Complaint.

11  10.    Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as

12  non-steroidal anti-inflammatory drugs ("NSAIDS").   Defendant states that Celebrex® is a

13  prescription medication which is approved by the FDA for the following indications: (1) for

14  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

15  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

16  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

17  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

18  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

19  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

20  and older.  Defendant denies the remaining allegations in this paragraph of the Complaint.

21  11.    Defendant states that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and

23  denies the remaining allegations in this paragraph of the Complaint.

24  12.    Defendant states that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendant states that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

of the Complaint.

13.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant denies the remaining allegations in this paragraph of the Complaint.

14.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

15.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**<u>Response to First Cause of Action: Negligence</u>**

16.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

17.    Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  denies the remaining allegations in this paragraph of the Complaint.

2  19.    Defendant states that this paragraph of the Complaint contains legal contentions to

3  which no response is required.  To the extent that a response is deemed required, Defendant

4  admits that it had duties as are imposed by law but denies having breached such duties.

5  Defendant states that Celebrex® was and is safe and effective when used in accordance with its

6  FDA-approved prescribing information.  Defendant states that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

10 injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

11 20.    Defendant states that this paragraph of the Complaint contains legal contentions to

12 which no response is required.  To the extent that a response is deemed required, Defendant

13 admits that it had duties as are imposed by law but denies having breached such duties.

14 Defendant states that Celebrex® was and is safe and effective when used in accordance with its

15 FDA-approved prescribing information.  Defendant states that the potential effects of

16 Celebrex® were and are adequately described in its FDA-approved prescribing information,

17 which was at all times adequate and comported with applicable standards of care and law.

18 Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

19 injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

20         Answering the unnumbered paragraph following Paragraph 20 of the Complaint,

21 Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

22 injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

23            **Response to Second Cause of Action: Strict Products Liability**

24 21.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

25 Complaint as if fully set forth herein.

26 22.    Defendant states that Celebrex® was and is safe and effective when used in accordance

27 with its FDA-approved prescribing information.  Defendant states that the potential effects of

28 Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

23.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

24.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

26.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

2    remaining allegations in this paragraph of the Complaint.

3    27.    Defendant states that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information. Defendant states that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

8    remaining allegations in this paragraph of the Complaint.

9    28.    Defendant states that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information. Defendant states that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that

14   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

15   in this paragraph of the Complaint.

16        Answering the unnumbered paragraph following Paragraph 28 of the Complaint,

17   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

18   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

19                    **Response to Third Cause of Action: Fraud**

20   29.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

21   Complaint as if fully set forth herein.

22   30.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23   of the allegations in this paragraph of the Complaint regarding whether Decedent used

24   Celebrex®, and, therefore, denies the same. Defendant states that Celebrex® was and is safe

25   and effective when used in accordance with its FDA-approved prescribing information.

26   Defendant states that the potential effects of Celebrex® were and are adequately described in its

27   FDA-approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law. Defendant denies any wrongful conduct, denies that

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations
2    in this paragraph of the Complaint.

3        Answering the unnumbered paragraph following Paragraph 30 of the Complaint,
4    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent
5    injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

6        **Response to Fourth Cause of Action: Negligent Misrepresentation**

7    31.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's
8    Complaint as if fully set forth herein.

9    32.    Defendant admits that, during certain periods of time, it marketed and co-promoted
10   Celebrex® in the United States to be prescribed by healthcare providers who are by law
11   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states
12   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved
13   prescribing information.  Defendant states that the potential effects of Celebrex® were and are
14   adequately described in its FDA-approved prescribing information, which was at all times
15   adequate and comported with applicable standards of care and law.  Defendant denies any
16   wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

17   33.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's
18   Complaint as if fully set forth herein.  Defendant is without knowledge or information sufficient
19   to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding
20   whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that
21   Celebrex® was and is safe and effective when used in accordance with its FDA-approved
22   prescribing information.  Defendant states that the potential effects of Celebrex® were and are
23   adequately described in its FDA-approved prescribing information, which was at all times
24   adequate and comported with applicable standards of care and law.  Defendant denies any
25   wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff or
26   Decedent injury or damage, and denies the remaining allegations in this paragraph of the
27   Complaint, including all subparts.

28   34.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

2   Complaint.

3       Answering the unnumbered paragraph following Paragraph 34 of the Complaint,

4   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

5   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

6       **Response to Fifth Cause of Action: Express Warranty for Goods**

7   35.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

8   Complaint as if fully set forth herein.

9   36.    Defendant states that this paragraph of the Complaint contains legal contentions to

10   which no response is required.  To the extent that a response is deemed required, Defendant

11   admits that it had duties as are imposed by law but denies having breached such duties.

12   Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex®

13   in the United States to be prescribed by healthcare providers who are by law authorized to

14   prescribe drugs in accordance with their approval by the FDA.  Defendant states that Celebrex®

15   was and is safe and effective when used in accordance with its FDA-approved prescribing

16   information.  Defendant states that the potential effects of Celebrex® were and are adequately

17   described in its FDA-approved prescribing information, which was at all times adequate and

18   comported with applicable standards of care and law.  Defendant denies any wrongful conduct,

19   denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining

20   allegations in this paragraph of the Complaint.

21       Answering the unnumbered paragraph following Paragraph 36 of the Complaint,

22   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

23   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

24       **Response to Sixth Cause of Action: Implied Warranty**

25       **A. Warranty of Merchantability**

26   37.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

27   Complaint as if fully set forth herein.

28   38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

*Gordon & Rees,LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    of the allegations in this paragraph of the Complaint regarding whether Decedent used

2    Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

3    time, it marketed and co-promoted Celebrex® in the United States to be prescribed by

4    healthcare providers who are by law authorized to prescribe drugs in accordance with their

5    approval by the FDA.  Defendant states that Celebrex® was and is safe and effective when used

6    in accordance with its FDA-approved prescribing information.  Defendant states that the

7    potential effects of Celebrex® were and are adequately described in its FDA-approved

8    prescribing information, which was at all times adequate and comported with applicable

9    standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® is

10   defective, and denies the remaining allegations in this paragraph of the Complaint.

11   39.    Defendant states that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendant states that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that

16   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

17   in this paragraph of the Complaint.

18   **B. Warranty of Fitness**

19   40.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

20   Complaint as if fully set forth herein.

21   41.    Defendant is without knowledge or information sufficient to form a belief as to the truth

22   of the allegations in this paragraph of the Complaint regarding whether Decedent used

23   Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

24   time, it marketed and co-promoted Celebrex® in the United States to be prescribed by

25   healthcare providers who are by law authorized to prescribe drugs in accordance with their

26   approval by the FDA.  Defendant states that Celebrex® was and is safe and effective when used

27   in accordance with its FDA-approved prescribing information.  Defendant states that the

28   potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

42.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 42 of the Complaint, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## Response to Seventh Cause of Action: Unjust Enrichment

43.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

2   of the Complaint.

3       Answering the unnumbered paragraph following Paragraph 46 of the Complaint,

4   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

5   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

6                   **Response to Eighth Cause of Action: Wrongful Death**

7       Answering the unnumbered paragraph of the Complaint headed "Count VIII: Wrongful

8   Death," Defendant states that this paragraph of the Complaint contains legal contentions to

9   which no response is required. To the extent that a response is deemed required, Defendant

10  incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set

11  forth herein. Defendant is without knowledge or information sufficient to form a belief as to

12  the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and

13  Decedent's marital status, and, therefore, denies the same. Defendant denies any wrongful

14  conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the

15  remaining allegations in this paragraph of the Complaint.

16      Answering the unnumbered paragraph following the unnumbered paragraph of the

17  Complaint headed "Count VIII: Wrongful Death," Defendant denies any wrongful conduct,

18  denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining

19  allegations in this paragraph of the Complaint.

20                                  **III.**

21                          **GENERAL DENIAL**

22      Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's

23  Complaint that have not been previously admitted, denied, or explained.

24                                  **IV.**

25                      **AFFIRMATIVE DEFENSES**

26      Defendant reserves the right to rely upon any of the following or additional defenses to

27  claims asserted by Plaintiff to the extent that such defenses are supported by information

28  developed through discovery or evidence at trial. Defendant affirmatively shows that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**First Defense**

2  1.    The Complaint fails to state a claim upon which relief can be granted.

3

**Second Defense**

4  2.    Celebrex® is a prescription medical product.  The federal government has preempted the

5  field of law applicable to the labeling and warning of prescription medical products.

6  Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable

7  federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon

8  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

9  and violate the Supremacy Clause of the United States Constitution.

10

**Third Defense**

11  3.    At all relevant times, Defendant provided proper warnings, information and instructions

12  for the drug in accordance with generally recognized and prevailing standards in existence at the

13  time.

14

**Fourth Defense**

15  4.    At all relevant times, Defendant's warnings and instructions with respect to the use of

16  Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

17  knowledge at the time the drug was manufactured, marketed and distributed.

18

**Fifth Defense**

19  5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

20  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

21

**Sixth Defense**

22  6.    Plaintiff's action is barred by the statute of repose.

23

**Seventh Defense**

24  7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff or Decedent were

25  contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages,

26  and any recovery by Plaintiff should be diminished accordingly.

27

**Eighth Defense**

28  8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

-14-

omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part

of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in

any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff or Decedent were not caused by

Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

operation of nature, or act of God.

### Eleventh Defense

11.     Defendant affirmatively denies that it violated any duty owed to Plaintiff or Decedent.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk,

contraindication, or adverse effect associated with the use of a prescription medical product.

Rather, the law requires that all such warnings and appropriate information be given to the

prescribing physician and the medical profession, which act as a "learned intermediary" in

determining the use of the product.  Celebrex® is a prescription medical product, available only

on the order of a licensed physician.  Celebrex® provided an adequate warning to Decedent's

treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the

time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

for its intended use and the warnings and instructions accompanying Celebrex® at the time of

the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifteenth Defense**

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

**Seventeenth Defense**

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

**Eighteenth Defense**

18.     Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and Plaintiff's causes of action are preempted.

2                                **Twenty-third Defense**

3    23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

4    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

5    issue under applicable federal laws, regulations, and rules.

6                                **Twenty-fourth Defense**

7    24.    Plaintiff's claims are barred in whole or in part because there is no private right of action

8    concerning matters regulated by the Food and Drug Administration under applicable federal

9    laws, regulations, and rules.

10                               **Twenty-fifth Defense**

11   25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate

12   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of

13   Comment j to § 402A of the Restatement (Second) of Torts.

14                               **Twenty-sixth Defense**

15   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because

16   Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement

17   (Second) of Torts § 402A, Comment k.

18                              **Twenty-seventh Defense**

19   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

20   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

21   to § 6 of the Restatement (Third) of Torts: Products Liability.

22                              **Twenty-eighth Defense**

23   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

24   Products Liability.

25                               **Twenty-ninth Defense**

26   29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

27   sufficient under the law to justify an award of punitive damages.

28

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Thirtieth Defense**

2    30.    Defendant affirmatively avers that the imposition of punitive damages in this case would

3    violate Defendant's rights to procedural due process under both the Fourteenth Amendment of

4    the United States Constitution and the Constitutions of the States of Maryland and California,

5    and would additionally violate Defendant's rights to substantive due process under the

6    Fourteenth Amendment of the United States Constitution.

7

**Thirty-first Defense**

8    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by law of the State

9    of Maryland and by the Fifth and Fourteenth Amendments to the United States Constitution.

10

**Thirty-second Defense**

11    32.    The imposition of punitive damages in this case would violate the First Amendment to

12    the United States Constitution.

13

**Thirty-third Defense**

14    33.    Plaintiff's punitive damage claims are preempted by federal law.

15

**Thirty-fourth Defense**

16    34.    In the event that reliance was placed upon Defendant's nonconformance to an express

17    representation, this action is barred as there was no reliance upon representations, if any, of

18    Defendant.

19

**Thirty-fifth Defense**

20    35.    Plaintiff and Decedent failed to provide Defendant with timely notice of any alleged

21    nonconformance to any express representation.

22

**Thirty-sixth Defense**

23    36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

24    proof of causation, the claims violate Defendant's rights under the United States Constitution.

25

**Thirty-seventh Defense**

26    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

27    labeling with respect to the subject pharmaceutical products were not false or misleading and,

28    therefore, constitute protected commercial speech under the applicable provisions of the United

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    States Constitution.

2    **Thirty-eighth Defense**

3    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

4    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

5    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

6    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

7    Amendment of the United States Constitution, the Commerce Clause of the United States

8    Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable

9    provisions of the Constitutions of the States of Maryland and California.  Any law, statute, or

10   other authority purporting to permit the recovery of punitive damages in this case is

11   unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

12   constitutionally sufficient standards to guide and restrain the jury's discretion in determining

13   whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it

14   failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)

15   permits recovery of punitive damages based on out-of-state conduct, conduct that complied with

16   applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff

17   or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable

18   and proportionate to the amount of harm, if any, to Plaintiff and Decedent and to the amount of

19   compensatory damages, if any; (5) permits jury consideration of net worth or other financial

20   information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by

21   the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

22   sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

23   satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

24   *Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443

25   (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto*

26   *Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

27   **Thirty-ninth Defense**

28   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

**Gordon & Rees,LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    If Plaintiff or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions, or natural courses of conditions of Decedent, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of Plaintiff, Decedent, and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff or Decedent.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiff or Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.    Therefore, Plaintiff's recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

1  damages is also barred under California Civil Code § 3294(b).

2  **Fifty-eighth Defense**

3  58.    Defendant reserves the right to supplement its assertion of defenses as it continues with

4  its factual investigation of Plaintiff's claims.

5  **V.**

6  **JURY DEMAND**

7  Defendant hereby demands a trial by jury of all the facts and issue in this case pursuant to

8  Federal Rule of Civil Procedure 38(b).

9  **VI.**

10  **PRAYER**

11  WHEREFORE, Defendant prays for judgment as follows:

12  1.    That Plaintiff takes nothing from Defendant by reason of the Complaint;

13  2.    That the Complaint be dismissed;

14  3.    That Defendant be awarded its costs for this lawsuit;

15  4.    That the trier of fact determine what percentage of the combined fault or other liability of

16  all persons whose fault or other liability proximately caused Plaintiff's and Decedent's

17  alleged injuries, losses or damages is attributable to each person;

18  5.    That any judgment for damages against Defendant in favor of Plaintiff be no greater than

19  an amount which equals Plaintiff's proportionate share, if any, of the total fault or other

20  liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

21  6.    That Defendant has such other and further relief as the Court deems appropriate.

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  March 7, 2008                              GORDON & REES LLP

2

3                                             By: :_____/s/_____

4                                                Stuart M. Gordon
                                                 sgordon@gordonrees.com
5                                                Embarcadero Center West
                                                 275 Battery Street, 20th Floor
6                                                San Francisco, CA 94111
                                                 Telephone:  (415) 986-5900
7                                                Fax:  (415) 986-8054

8
   March 7, 2008                              TUCKER ELLIS & WEST LLP
9

10

11                                            By: :_____/s/_____

12                                               Michael C. Zellers
                                                 michael.zellers@tuckerellis.com
13                                               515 South Flower Street, Suite 4200
                                                 Los Angeles, CA  90071-2223
14                                               Telephone:  (213) 430-3400
                                                 Fax:  (213) 430-3409
15
                                                 Attorneys for Defendant
16                                               PFIZER INC.

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-00859-CRB

1

## JURY DEMAND

2        Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3  case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4  March 7, 2008                         GORDON & REES LLP

5

6                                    By: : _____/s/_____

7                                  Stuart M. Gordon

8                                  sgordon@gordonrees.com
                                    Embarcadero Center West

9                                  275 Battery Street, 20th Floor
                                  San Francisco, CA  94111

10                                Telephone:  (415) 986-5900
                                  Fax:  (415) 986-8054

11

12  March 7, 2008                         TUCKER ELLIS & WEST LLP

13

14                                    By: : _____/s/_____

15                                  Michael C. Zellers

16                                  michael.zellers@tuckerellis.com
                                  515 South Flower Street, Suite 4200

17                                Los Angeles, CA 90071-2223
                                  Telephone:  (213) 430-3400

18                                Fax:  (213) 430-3409

19                                Attorneys for Defendant
                                PFIZER INC.

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**